IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.
PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION

_____

THIS DOCUMENT RELATES TO:

Moore et al v. Ethicon, Inc. et al.
2:13-cv-15782

**ORDER**
**(Motion to Dismiss)**

Pending before the court is defendants Johnson & Johnson, Inc. and Ethicon, Inc.'s motion to dismiss. The motion is ripe for review. For the reasons stated below, the motion is **GRANTED in part** to the extent that defendants seek dismissal, but **DENIED** insofar as they seek dismissal with prejudice.

I.   Background

The defendants move to dismiss this case because the plaintiffs failed to timely file a Plaintiff Profile Form ("PPF"). This case is one of over 40,000 cases that have been assigned to me by the Judicial Panel on Multidistrict Litigation. These cases arise out of alleged defects in transvaginal surgical mesh used to treat stress urinary incontinence and pelvic organ prolapse. Managing multidistrict litigation ("MDL") requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. For example, the parties agreed, and I entered a Pretrial Order ("PTO") applicable to every case in this MDL, stating that each plaintiff would submit a PPF to act as interrogatory answers under Federal Rule of Civil

Procedure 33 and responses to requests for production under Federal Rule of Civil Procedure 34. (*See* Pretrial Order #17 ("PTO #17" or the "Order"), *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-002327 [Docket 281], *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_17.pdf). Nevertheless, the plaintiffs in this case failed to submit a completed PPF within the time allotted by Pretrial Order #17.

## II. Analysis

Pursuant to PTO #17, each plaintiff was required to submit a completed PPF. Plaintiffs whose cases were pending at the time PTO #17 was entered were to submit their PPF within 60 days from the date of the Order, while plaintiffs who filed their cases after the Order was entered were to submit their PPF within 60 days of filing a Short Form Complaint. (PTO #17, at 1). The Order provided "[i]f a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case[.]" (*Id.* at 4). Further it stated that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." (*Id.*). In this case, the plaintiffs filed the complaint on June 25, 2013, but did not file the PPF until November 25, 2013, making it 93 days late. At no point did the plaintiffs file a motion requesting an extension of this date.

Federal Rule of Civil Procedure 16 provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37 provides that where a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[,]" including

2

orders dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) ( "Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders.").

Case management is particularly important in MDLs. Pretrial orders such as PTO #17 "provide[] some necessary order and clarity to the pre-trial process without burdening plaintiff unduly." *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985) (upholding a district court's dismissal of an asbestos case for failure to comply with a pretrial discovery order). In an MDL containing thousands of individual cases, I must strictly apply rules to ensure that all parties comply with deadlines and that the litigation flows smoothly and efficiently. *See* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1229, 1232 (9th Cir.2006) ("Case management orders are the engine that drives disposition on the merits" in MDLs.). As in *In re Phenylpropanolamine Prod. Liab. Litig.*, the purpose of the PPFs "was to give each defendant the specific information necessary to defend the case against it, and . . . without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234.

In response to the defendants' motion to dismiss, the plaintiffs offer only non-specific excuses for the failure to timely submit a PPF, asserting that it was a mistake. This same non-specific excuse is asserted by counsel in numerous other cases. However, plaintiffs' counsel either was or should have been aware of the requirements of PTO #17. It is clearly stated in PTO

#4, paragraph C that "[a]ll attorneys representing parties to this litigation, regardless of their role in the management structure of the litigation and regardless of this court's designation of Lead and Liaison Counsel, a Plaintiffs' Executive Committee and a Plaintiffs' Steering Committee, continue to bear the responsibility to represent their individual client or clients." (PTO #4, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-002327 [Docket 120], at 10, *available at* http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_4.pdf).

Additionally, PTO #17 was jointly drafted by plaintiffs' and defense counsel. The Order was clear that failure to timely submit a PPF was grounds for a motion to dismiss, and that the court would determine the appropriate sanction for failure to comply. (*See* PTO #17, at 4). As the Supreme Court has observed, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). This is particularly true in a large MDL such as this one. As other courts have observed,

> [A]dministering cases in multidistrict litigation is different from administering cases on a routine docket . . . . Congress established MDL protocols to encourage efficiency. In order to do so, MDL courts must be able to establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial. MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders.

*In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (quoting in part *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d at 1229, 1232 (internal references omitted).

I therefore **FIND** that the appropriate sanction for failure to timely file a PPF is dismissal without prejudice.

### III. Conclusion

It is **ORDERED** that the defendants' motion to dismiss [Docket 7] is **GRANTED in part** to the extent defendants seek dismissal, but **DENIED** insofar as they seek dismissal with prejudice. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented part.

ENTER: December 20, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5